UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JEWELL THOMAS, | § | |
| | § | |
| Plaintiff, | § | |
| V. | § | CIVIL ACTION NO. 2:22-CV-00152 |
| | § | |
| JERRY SANCHEZ, *et al.*, | § | |
| | § | |
| Defendants. | § | |

### ORDER ADOPTING MEMORANDUM AND RECOMMENDATION AND DENYING PLAINTIFF'S FOURTH MOTION FOR EMERGENCY INJUNCTIVE RELIEF

Before the Court is Magistrate Judge Mitchel Neurock's Memorandum and Recommendation ("M&R"). (D.E. 55). The M&R recommends that the Court:

(1) Deny Plaintiff's first motion for emergency injunctive relief, (D.E. 29);
(2) Deny Plaintiff's third motion for emergency injunctive relief, (D.E. 44);
(3) Deny without prejudice as premature Plaintiff's motion for rehearing, (D.E. 49); and
(4) Deny without prejudice as unnecessary Plaintiff's motion for an additional evidentiary hearing, (D.E. 53).

(D.E. 55, p. 34). Plaintiff filed a response to the M&R, which the Court construes as a written objection. (D.E. 70).[1]

Also before the Court is Plaintiff's fourth motion for emergency injunctive relief. (D.E. 68). For the reasons stated below, the Court **ADOPTS** the M&R, **OVERRULES** Plaintiff's objection, and **DENIES** Plaintiff's motion for emergency injunctive relief.

---

[1] Plaintiff's objection was due on September 11, 2023. (D.E. 66, p. 1). Although the objection was not filed in the Court's docketing system until September 14, 2023, *see* (D.E. 70, p. 1), a document is deemed timely filed by a pro se inmate when it is delivered to prison authorities for mailing with postage pre-paid, *see Houston v. Lack*, 487 U.S. 266, 276 (1988). Petitioner's objection was postmarked on September 12, 2023, (D.E. 70-1); however, it is dated September 11, 2023, (D.E. 70, p. 2). As such, the Court will consider Petitioner's objection on the merits.

1 / 6

## I. Legal Standards

### A. M&R

When a party objects to the findings and recommendations of a magistrate judge, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). As to any portion for which no objection is filed, a district court reviews for clearly erroneous factual findings and conclusions of law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

### B. Motion for Injunctive Relief

To obtain a preliminary injunction under Federal Rule of Civil Procedure 65, the movant must show: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm; (3) the threatened injury outweighs any damage that the injunction might cause the defendant; and (4) the injunction will not disserve the public interest. *Patrick v. Hirbst*, No. 2:19-CV-65, 2019 WL 2368563, at *2 (S.D. Tex. June 5, 2019) (Tagle, J.) (citing *Texans for Free Enter. v. Tex. Ethics Comm'n*, 732 F.3d 535, 536–37 (5th Cir. 2013)). "Injunctive relief is an extraordinary remedy which requires the movant to unequivocally show the need for its issuance." *Id.* (citing *Sepulvado v. Jindal*, 729 F.3d 413, 417 (5th Cir. 2013)). A plaintiff must satisfy all four elements before a preliminary injunction may issue. *See id.* (citing *Voting for Am., Inc. v. Steen*, 732 F.3d 382, 386 (5th Cir. 2013)).

## II. Analysis

### A. The Court overrules Plaintiff's objection to the M&R.

Plaintiff seemingly objects to the M&R on the basis that it is mooted by his subsequently filed fourth motion for emergency injunctive relief. *See* (D.E. 70, p. 1). Plaintiff provides no

specific objections beyond his conclusory statement that "Plaintiff's Fourth Motion will super[s]ede all prior motions and any responses to prior motions are hereby moot." *Id.*

The Court disagrees. Plaintiff's fourth emergency motion for injunctive relief, (D.E. 68), does not moot his first and third motions for emergency injunctive relief, (D.E. 29; D.E. 44), which remain pending. Rather, Plaintiff's fourth emergency motion restates and elaborates on arguments raised in his first and third emergency motions. *Compare* (D.E. 68, p. 1–2), *with* (D.E. 29, p. 3–4; D.E. 44, p. 1–4). Specifically, Plaintiff argues in his fourth emergency motion that side effects of his medication[2] cause him to sweat less, which makes him more susceptible to heat stroke. (D.E. 68, p. 2). This argument expounds upon similar ones contained in Plaintiff's first and third motions for emergency injunctive relief. *See* (D.E. 29, p. 3) ("Plaintiff's [d]iabetes causes his body to constantly fight to stay hydrated, he is unable to sweat properly."); (D.E. 44, p. 3) ("It is the excessive heat in the Plaintiff's housing and living area that exacerbates the Plaintiff's [s]chizophrenia[.]"). Thus, Plaintiff's fourth emergency motion does not moot the M&R, (D.E. 55), which addresses Plaintiff's first and third motions for emergency injunctive relief. *See id.* at 3–32. As such, the Court **OVERRULES** Plaintiff's objection. (D.E. 70).

**B. The Court denies Plaintiff's fourth emergency motion for injunctive relief.**

In his fourth emergency motion for injunctive relief, Plaintiff states that "Plaintiff and the Court learned during an evidentiary hearing that a diagnosis of [s]chizophrenia would entitle the Plaintiff to relief." (D.E. 68, p. 1). In support of his motion, Plaintiff attached a list of medications, which appear to show that Dr. Morton prescribed Plaintiff Haloperidol beginning on August 16, 2023. *Id.* at 5. Plaintiff alleges that the Haloperidol causes him to sweat less, leaving him

---

[2] Plaintiff claims that a University of Texas Medical Branch ("UTMB") psychiatrist, Dr. Gary Morton, prescribed him Haloperidol to treat schizophrenia. (D.E. 68, p. 2). Plaintiff claims the Haloperidol causes negative side effects. *Id.* Plaintiff attached a list of his prescribed medications to his motion. *Id.* at 5–6.

susceptible to heat stroke. *Id.* at 2. He further alleges that the medication causes him "to avoid doing things that may cause his body to overheat, such as working hard or exercise[ing.]". *Id.* Plaintiff thus asks that the Court grant him injunctive relief and order his transfer to air-conditioned housing. *Id.*

After the June 29, 2023 evidentiary hearing (hereinafter, the "Hearing"), Judge Neurock concluded that Plaintiff failed to establish any diagnosis of schizophrenia. *See* (D.E. 55, p. 22–23) ("Plaintiff has presented no evidence to show that UTMB doctors or [the Texas Department of Criminal Justice ("TDCJ")] have ever diagnosed him with schizophrenia, recognized him as being diagnosed with schizophrenia . . . or otherwise treated him for schizophrenia."). However, assuming without deciding that: (1) Plaintiff's medication records showing that Dr. Morton prescribed him Haloperidol are sufficient evidence to demonstrate a schizophrenia diagnosis, and (2) that the diagnosis is sufficient for Plaintiff to demonstrate a substantial likelihood of success on the merits of his claims, Plaintiff is still required to satisfy the second, third, and fourth elements for a preliminary injunction. *See Steen*, 732 F.3d at 386. He fails to do so.

### *i. Plaintiff cannot establish a substantial threat of irreparable harm.*

To establish a substantial threat of irreparable harm, Plaintiff must demonstrate "that a concrete and irreparable injury will occur absent the granting of the injunctive relief." (D.E. 55, p. 29) (citing *Tex. First Nat'l Bank v. Wu*, 347 F. Supp. 2d 389, 399 (S.D. Tex. 2004) (Hittner, J.)). Here, Judge Neurock concluded after the Hearing that "[t]he evidence shows that Plaintiff has regular access to respite measures[,] such as cold showers and cold water." *Id.* at 30 (citing D.E. 40, p. 25). Further, in the days leading up to the Hearing, "Plaintiff's requests for respite in air-conditioned areas of the unit were granted." *Id.* (citing D.E. 40, p. 23, 34–35, 45–46). Prison officials testified that all inmates who request respite—including Plaintiff—"may be taken to a

respite area where they can stay as long as they like." *Id.* (citing D.E. 40, p. 64, 74, 117, 138). And the evidence showed that Plaintiff "has several heat restrictions placed on him, that he is not required to work in the heat at the McConnell Unit at this time, and that he has been placed on the Heat Restriction List whereby officers are required to check on his condition frequently." *Id.* (first citing D.E. 40, p. 11–12, 89, 120, 123, 127–28, 130; and then citing D.E. 42-4, p. 2))

In the instant motion, Plaintiff does not produce any evidence that the respite measures described above are no longer in place. *See* (D.E. 68). Absent such evidence, Plaintiff's complaints of irreparable harm remain speculative and fail to show that an irreparable injury is imminent. *See* (D.E. 55, p. 30); *see also Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985)) (finding speculative injury insufficient to establish irreparable harm). As such, Plaintiff fails to establish a substantial threat of irreparable harm. *See* (D.E. 68).

### *ii. Plaintiff also fails to satisfy the third or fourth factors.*

Likewise, Plaintiff fails to produce any evidence altering Judge Neurock's analysis of the third and fourth preliminary injunction factors. *See id.* Specifically, Plaintiff still fails to show that the threatened injury resulting from excessive heat conditions outweighs the harm to Defendants if the requested injunction were granted (the third factor) and that granting the injunction would not disserve the public's interest in protecting the health of those inmates at the highest risk for injury from excessive heat conditions (the fourth factor). *See* (D.E. 55, p. 31); *Steen*, 732 F.3d at 386. Absent a demonstrated constitutional violation, "federal courts are reluctant to interfere in the internal affairs of a state prison." *Patrick*, 2019 WL 2368563, at *2 (citation omitted). Further, "[i]nterference with the operations of the McConnell Unit at this early stage in the proceedings would not be in the public's interest without a full opportunity for the facts to be developed beyond Plaintiff's allegations." *Id.* (citing *Kahey v. Jones*, 836 F.2d 948, 951 (5th Cir. 1988)). As such,

injunctive relief is not appropriate at this time.

### III. Conclusion

Having reviewed the proposed findings and conclusions of the M&R, the record, the applicable law, and having made a de novo review of the portions of the M&R to which Plaintiff's objections are directed, 28 U.S.C. § 636(b)(1)(C), the Court **OVERRULES** Plaintiff's objection, (D.E. 70), and **ADOPTS** the findings and conclusions of the M&R, (D.E. 55). Accordingly:

(1) Plaintiff's first motion for emergency injunctive relief is **DENIED.** (D.E. 29);
(2) Plaintiff's third motion for emergency injunctive relief is **DENIED.** (D.E. 44);
(3) Plaintiff's motion for rehearing is **DENIED without prejudice** as premature. (D.E. 49);
(4) Plaintiff's motion for additional evidentiary hearing is **DENIED without prejudice** as unnecessary. (D.E. 53).

The Court also **DENIES** Plaintiff's fourth emergency motion for injunctive relief. (D.E. 68).

SO ORDERED.

_____
DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Dated: Corpus Christi, Texas
September 29, 2023